**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-18-8389-PCT-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| Jeremiah Cleveland, | |
| Defendant. | |

Defendant moved to dismiss Count II of the Indictment against him in this matter (Doc. 27), Possession of a Firearm in a Crime of Violence, in violation of 18 U.S.C. § 924(c)(3)(A). Defendant's Possession of a Firearm in a Crime of Violence is predicated on his First-Degree Murder charge (Doc. 3). The government filed a Response to the motion (Doc. 29), and Defendant then filed a Reply in support of the motion (Doc. 31). For the following reasons, the Court will deny the motion.

Defendant's argument depends chiefly on his reading of *United States v. Begay*, 934 F.3d 1033 (9th Cir. 2019). In *Begay*, the Ninth Circuit held that second-degree murder is not a "crime of violence" under § 924(c)(3)(A). *Id*. at 1038. Defendant, who is charged with first-degree murder, argues that "there is no difference in the analysis of whether second-degree murder is a crime of violence and the analysis of whether first-degree murder is a crime of violence." (Doc. 27. at pp. 2–3.) This is because the elements of first-degree and second-degree murder both require proof of "malice aforethought." (Doc. 27. at pp. 3–4.) According to the Ninth Circuit in *Begay*, because the malice aforethought

element for second-degree murder can be proven with reckless conduct, it is categorically not a crime of violence, which requires the intentional use of force. *Begay*, 934 F.3d at 1039. From *Begay*, Defendant argues that first-degree murder is not a crime of violence because it also requires proof of malice aforethought. (Doc. 27. at pp. 2–4.)

The Ninth Circuit has foreclosed Plaintiff's argument. In *United States v. Arthur*, 750 Fed. App'x 540, 541 (9th Cir. 2018), the Ninth Circuit held that "first-degree murder is categorically a crime of violence" under § 924(c)(3)(A). *Id.* at 543. *Arthur* directly contradicts Defendant's contention. The Court thus will deny his motion on that basis.

Even if *Arthur* were not the law, Defendant's argument still would fail. Though Defendant is correct that the only difference between first- and second-degree murder is that the former requires a premeditation element, he is incorrect about the effect of this difference. This is because unlike second-degree murder, the premeditation element forecloses the possibility of proving first-degree murder with merely reckless conduct. Premeditation requires that a killer has "form[ed] the intent to kill," and has "been fully conscious of the intent and to have considered the killing." Ninth Cir. Model Criminal Jury Instructions 8.107; *United States v. Free*, 841 F.2d 321, 325 (9th Cir 1988). So, first-degree murder requires "the intent to kill," and it is this intentionality requirement which fits the crime squarely into the crime of violence definition in § 924(c)(3)(A). Ninth Cir. Model Criminal Jury Instructions 8.107; *Free*, 841 F.2d at 325. Although both first- and second-degree murder have a malice aforethought element, first-degree murder's malice aforethought element cannot be satisfied with merely reckless conduct because of the additional premeditation element. Consequently, Defendant's reliance on *Begay* is misplaced. The Court will deny Defendant's motion.

…

…

…

…

…

**IT IS ORDERED** denying Defendant's Motion to Dismiss Count II of the Indictment (Doc. 27).

Dated this 8th day of November, 2019.

_____
Honorable John J. Tuchi
United States District Judge